UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY HAUSCHILD, ) <br> JEFFREY HAUSCHILD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KOHL'S DEPARTMENT STORES, INC., ) <br> DIVISIONS MAINTENANCE GROUP, INC, ) <br> ADVANCED PROPERTY SERVICES, INC., ) <br> ) <br> Defendants. ) | No. 1:20-cv-02424-SEB-MG |

**ORDER REMANDING CASE TO STATE COURT**

This cause is before the Court on Plaintiffs' Motion to Remand to State Court, filed on February 22, 2021. [Docket No. 54]. No response to this motion has been filed by Defendants. After careful review, for the reasons detailed below, we GRANT Plaintiffs' Motion to Remand to State Court.

**Factual and Procedural Background**

Plaintiff Kelly Hauschild ("Ms. Hauschild"), an Indiana citizen, filed this action in Marion Superior Court on August 18, 2020, alleging that Defendant Kohl's Department Stores, Inc. ("Kohl's") negligently maintained the sidewalk outside of one of its Indianapolis, Indiana locations, causing Ms. Hauschild to slip and fall on the premises and injure herself on or about January 25, 2019. [Docket No. 1 at 1]. Kohl's is a citizen both of Delaware, its place of incorporation, and Wisconsin, its principal place of business. [*Id.* at 1]. This case was removed to our court on the basis of diversity jurisdiction on September 18, 2020, pursuant to 28 U.S.C. § 1332(a), which requires complete diversity between the adverse parties and an amount in

1

controversy that exceeds $75,000, exclusive of interest and costs. [*Id.* at 1-2]. Based on the uncontroverted facts set forth in Kohl's Notice of Removal, it is undisputed that our diversity jurisdiction was properly invoked at the time this matter was removed to our Court.

Kohl's filed its Answer to the Complaint on September 25, 2020, alleging as an affirmative defense that Ms. Hauschild's injuries may have been caused, in whole or in part, by non-parties, including Divisions Maintenance Group, Inc. ("Divisions"). [Docket No. 7 ¶ 12]. Ms. Hauschild sought and was granted leave to amend her complaint to add Divisions, a Kentucky citizen, as a named defendant, which she did on November 18, 2020. [Docket No. 20 ¶ 4].

Divisions filed its Answer to the First Amended Complaint on December 4, 2020, alleging that Ms. Hauschild's alleged injuries were attributable to the negligence of non-parties, including Advanced Property Services, Inc. ("Advanced Property"). [Docket No. 30 Part II ¶ 8]. Ms. Hauschild again sought and was granted leave to amend her complaint, this time to add Advanced Property as a defendant. [Docket No. 35]. On January 11, 2021, Ms. Hauschild filed a Second Amended Complaint joining Advanced Property as a defendant and alleging that Advanced Property was at all relevant times a citizen of Indiana. [Docket No. 36 ¶ 5].

Before Defendants answered Ms. Hauschild's Second Amended Complaint, she sought and was granted leave to file a Third Amended Complaint in order to join her husband, an Indiana citizen, as a plaintiff. Plaintiffs' Third Amended Complaint was filed on February 4, 2021, and, on February 9, 2021, Defendants filed a joint answer to the Third Amended Complaint for the first time averring that Advanced Property is a citizen of Indiana. [Docket No. 52 ¶ 8]. Because Plaintiffs are also Indiana citizens, Advanced Property's joinder destroys complete diversity between the adverse parties.

Prior to the Magistrate Judge's review of and grant of Ms. Hauschild's request to amend her complaint to join Advanced Property, no party addressed the jurisdictional implications of such an amendment. Nor did the defendants object on jurisdictional grounds to the Magistrate Judge's order granting the motion to amend. As soon as this jurisdictional issue came to our attention, on February 10, 2021, we *sua sponte* issued an Order directing Plaintiffs to "evaluate whether they wish either to 1) dismiss Advanced Property as a defendant and proceed with this litigation in our Court or 2) continue to pursue litigation against this non-diverse defendant, which would result in a remand to state court … and, if it is the latter, [to] show cause for a grant by the Court, in its discretion, to permit joinder of the diversity-defeating party in light of 28 U.S.C. § 1447(e)." In response to that order, on February 22, 2021, Plaintiffs filed the instant Motion to Remand to State Court. Defendants did not respond to Plaintiffs' motion.

## **Discussion**

In general, an action filed in state court may be removed to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). To confer federal diversity jurisdiction over a case under 28 U.S.C. § 1332, there must be complete diversity between the adverse parties and the amount in controversy must exceed $75,000, exclusive of interest costs. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993). "[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint *as it existed at the time the petition for removal was filed*." *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (emphasis in original) (citations omitted). There is no dispute that diversity jurisdiction was properly invoked at the time this matter was initially removed to our Court.

"Once an action is properly removed from state court to federal court, an amendment of the complaint rendering it outside the federal court's jurisdiction does not defeat the original removal." *Id.* at 487-88. However, 28 U.S.C. § 1447(e) carves out an important exception to these general principles: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Deciding which of the two exclusive options to pursue is a matter within the Court's discretion, and in exercising that discretion, we "should balance the equities to make the determination." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). In balancing the equities, courts consider the following four factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* (citations omitted). We address these factors in turn below.

**I. The Plaintiffs' Motive to Seek Joinder is Permissible**

In examining Plaintiffs' motive for seeking to join Advanced Property as a defendant, "the concern is to ensure that the plaintiff is not purposefully attempting post-removal actions which are designed solely to accomplish remand." *In re Bridgestone/Firestone, Inc. v. Ford Motor Co.*, 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001) (citations omitted). "When a plaintiff was aware at the time of the filing of her original complaint of the identity of the defendant she now seeks to add, there arises some suspicion of plaintiff's motives to amend." *Daly v. Nexstar Broadcasting, Inc.*, 2020 WL 8920421, *2 (S.D. Ind. May 6, 2020) (quoting *Id.* at 1205).

Here, there is no indication that Plaintiffs were aware of Advanced Property's potential liability at the time they filed their original complaint, nor is there any other indication that they

4

harbored an improper motive for seeking to add Advanced Property as a defendant. Rather, Plaintiffs did not become aware that Advanced Property might be a responsible party until Divisions filed its Answer to the First Amended Complaint and identified Advanced Property as having potential liability. Within two weeks, Plaintiffs sought joinder of Advanced Property "so that Plaintiffs may be fully compensated for their injuries from all involved Defendants." [Docket No. 55 at 4]. Given this timeline, we see no indicia of improper motive here, and Defendants have not argued otherwise.

## II. The Request to Amend was Timely

"To determine whether a plaintiff's motion to amend is timely, district courts measure the passage of time between the filing of the case or removal, and the filing of the motion to amend." *Daly*, 2020 WL 8920421 at *2. This Court has recognized that a twelve-month delay between removal and the motion to amend was dilatory, particularly where there were concerns of improper motive. *Id.* On the other hand, the Seventh Circuit has recognized that a similar delay was timely where the motion came within two months of learning of the party's involvement and there was no showing of fraudulent joinder. *Schur*, 577 F.3d at 766.

Here, Plaintiffs first learned of Advanced Property's potential liability when Divisions filed its Answer to the First Amended Complaint on December 4, 2020. Two weeks later, on December 18, 2020, Plaintiffs moved for leave to amend their complaint to join Advanced Property as a defendant. The filing of the motion to amend therefore occurred exactly four months after the case was originally filed in state court on August 18, 2020, and exactly three months after the case was removed to federal court on September 18, 2020. Given that Plaintiffs filed their motion to amend within two weeks of learning of Advanced Property's potential liability and within three months of removal, Plaintiffs' request was clearly timely.

### III. The Plaintiffs Will Be Significantly Injured if Joinder is Denied and No Equitable Considerations Counsel Against Remand

The third factor "requires the court to balance the risk that the plaintiff will be significantly injured by pursuing multiple lawsuits against the risk that the defendant will be prejudiced [in state court] if joinder is allowed." *Daly*, 2020 WL 8920421 at *2 (citations omitted). "Courts normally are reluctant to force a plaintiff to pursue litigation on the same incident in both state and federal court." *Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d at 1206. There is no requirement that the joining party make a showing of indispensability to establish injury. *Stuart v. Chin*, 835 F.Supp.2d 680, 683-84 (S.D. Ind. 2011).

Here, Plaintiffs aver, and we agree, that they will be "significantly prejudiced if unable to join Advanced Property as a Defendant in their lawsuit." [Docket No. 55 at 6]. All currently named defendants are necessary parties to the claim, as any or all of them "could be the true at fault party in this matter." [*Id.*]. Given that Defendants have not cited to any risk of prejudice they are likely to suffer in state court, the balance of harms weighs favorably for Plaintiffs. Moreover, we are aware of no other equitable considerations that counsel against remand.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand to State Court [Docket No. 54] is GRANTED. This case is remanded to Marion Superior Court under Cause No. 49D11-2008-CT-028083.

IT IS SO ORDERED.

Date:    4/8/2021

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher L. Garrison
GARRISON LAW FIRM
chris@garrisonlegal.com

Carlo Thomas Girolamo
SKILES DETRUDE
cgirolamo@skilesdetrude.com

Martha Mondou McDermott
GARRISON LAW FIRM LLC
martha@garrisonlegal.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com